Territorial Law Library

FILED
COURT
2013 JUN 11 AM 9: 05
CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MINDY PEGARIDO BORJA, | CIVIL CASE NO. DM0856-08 |
| Plaintiff, | |
| vs. | DECISION AND ORDER ON MOTION TO MODIFY INTERLOCUTORY AND FINAL DECREE OF DIVORCE |
| BEN MUNOZ BORJA, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on March 4, 2013 on Defendant's Motion to Modify the Interlocutory Judgment and Final Decree of Divorce. Plaintiff Mindy Pegarido was represented by Attorney William B. Jones. Defendant was represented by Attorney Jeffrey A. Cook. After a hearing, the matter was taken under advisement. The Court now issues its Decision and Order.

## BACKGROUND

On March 10, 2010, the Interlocutory Judgment and the Final Decree of Divorce were filed with the Court. Various matters pertaining to the division of property as well as the custody and care for the parties' two minor children were set forth in the decrees.

On April 2, 2012, Defendant filed a motion to modify the Interlocutory Judgment and Final Decrees. Defendant cites changed circumstances in asking for Plaintiff to pay for half of the costs associated with flying the children to Louisiana, where Defendant is currently stationed with the United States Army. In addition, Defendant asks the Court for a reciprocation of child support for the duration of the time he has physical custody of the children during the summer break. Defendant



also sought a Court-ordered schedule for electronic ("Skype") communication with the children each Sunday at 8:00 a.m. Guam time as well as uninterrupted seven (7) days of visitation with the children should he be available to visit Guam.[1]

Plaintiff filed her Opposition to the motion on May 1, 2012. She argues Defendant has failed to demonstrate a change in circumstances necessary to modify the decrees. Instead, she argues in favor of maintaining the status quo in the best interest of the children. While she opposed the regimented Sunday morning Skype schedule, parties have since come to an agreement for Saturdays at 10:00 a.m. In her pleadings and at the motion hearing, Plaintiff has stated she is amenable to the seven days of uninterrupted visitation for Plaintiff provided there is reasonable notice.

## DISCUSSION

In actions for dissolution of marriage, the court may at any time during the minority of any of the children of the marriage, make such order for the care, education, maintenance, and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same. See 19 G.C.A. § 8403. "Title 19 of the Guam Code Annotated, read as a whole, reflects the legislature's underlying policy that whenever possible, the sanctity of family life should be preserved by the inclusion of both parents in the lives of their children." Lanser v. Lanser, 2003 Guam 14 at ¶ 12 (quoting Flores v. Cruz, 1998 Guam 30 at ¶ 11).

The Interlocutory Judgment and Final Divorce Decree are silent as to travel expenses for the children. Parties have had a working arrangement whereby Defendant has borne the cost of flying the children for visits. Defendant's current requests are based primarily on his being stationed in Louisiana. Prior to that, his duty station was in Korea. As a result, he represents to the Court that he is unable to take advantage of all the visitation rights he currently has, such as the ability to fly the children off-island during Christmas or Spring breaks.

---

[1] In the Motion, Defendant also asked for a Court order relative the payment of a certain credit card debt. At the March 4, 2013 hearing, Defendant's attorney informed the Court that the matter has since been resolved and the issue is moot.

In addition to the physical demands placed on the children for such short trips over such a long distances, it is also cost-prohibitive. Defendant has stated that when he was stationed in Korea, flying both children out cost approximately $1,100 whereas currently the cost would be approximately $1,700 per child. The Court is of the belief that asking Plaintiff to pay for half of the travel costs is not unreasonable when considering the alternative is the possibility of the children not visiting their father. It is the finding of this Court, in the best interest of the children and taking into account equitable considerations, that the Plaintiff pay for half of the children's airfare which in excess of $1,100 for their summer visits with the Defendant. (For example: should airfare for the children cost a total of $3,100, Defendant would continue to pay $1,100 with the remaining amount divided equally between the parties. In this example, Plaintiff would pay $1,000.)

Having analyzed the issue of travel expenses, the Court now turns to Defendant's request for reciprocated child support during the time the children are in his physical custody. The Interlocutory Judgment set forth the following child support provision:

> The Defendant shall continue to pay child support to Plaintiff in the amount of One Thousand Forty-Five Dollars and Seventy-Eight Cents ($1,045.78). When Defendant has physical custody of the minor children, child support payments shall be suspended for the duration in which he has custody.

*Interlocutory Judgment of Divorce*, March 10, 2010 ¶ 3.

At the motion hearing, the Court was urged to consider the pleadings, declarations and exhibits. After considering such matters as the parties' respective incomes, the costs borne by the parties with respect to the children, and most especially, the best interest of the children, the Court is unconvinced that a modification of the child support provision is warranted.

## CONCLUSION

For the reasons set forth above, Defendants Motion to Modify the Interlocutory Judgment and Final Decree of Divorce relative to the summer travel expenses of the children is hereby **GRANTED**. As it pertains to a modification of

-3-

child support provisions, the motion is hereby **DENIED**. Defendant's request to modify the Interlocutory Judgment and Final Decree to include an uninterrupted seven-day visitation should he be able to travel to Guam is hereby **GRANTED**.

In addition, Parties are ordered to adhere to their agreed-to electronic communication (Skype) schedule of Saturdays at 10:00 a.m. Guam Time in addition to other times mutually agreeable by the parties and keeping in mind the children's studying and sleeping schedules.

Defendant shall prepare a modified Judgment consistent with this Decision and Order.

It is **SO ORDERED** this 11th day of June, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JUN 1 1 2013

Esther L. G. Pinaula
Deputy Clerk, Superior Court of Guam

